

1  Charles J. Cooper (*Pro Hac Vice* Application Forthcoming), DC Bar No. 248070
2  COOPER & KIRK, PLLC
3  1523 New Hampshire Avenue, NW
   Washington, DC 20036
   Telephone: (202) 220-9600
4  Email: ccooper@cooperkirk.com

5  Michael W. Shonafelt, CBN 186853
   NEWMEYER & DILLION LLP
6  895 Dove Street, Fifth Floor
   Newport Beach, CA 92660
7  Telephone: (949) 854-7000
   Email: Michael.Shonafelt@ndlf.com
8

9  *Attorney for The GEO Group, Inc.*

10                UNITED STATES DISTRICT COURT

11                EASTERN DISTRICT OF CALIFORNIA

12

| 13  IMMIGRANT LEGAL RESOURCES CENTER; FREEDOM FOR IMMIGRANTS, | [Originally filed in California Superior Court, County of Kern as Case No. BCV-20-101507] |
|---|---|
| 14 | |
| 15  Petitioners, | |
| 16  v. | CIVIL ACTION NO: |
| 17  CITY OF McFARLAND; CITY OF McFARLAND PLANNING COMMISSION, | **NOTICE OF REMOVAL** |
| 18 | |
| 19  Respondents, | |
| 20  THE GEO GROUP, INC., | |
| 21  Real party in interest | |

Pursuant to 28 U.S.C. §§ 1442 and 1446, The GEO Group, Inc. (GEO) hereby removes Case No. BCV-20-101507 from the Superior Court of the State of California for the County of Kern to the United States District Court for the Eastern District of California. As grounds for removal, GEO states as follows:

1. On June 30, 2020, Immigrant Legal Resources Center (ILRC) and Freedom for Immigrants (FFI) filed a Verified Petition for Writ of Mandate in the Superior Court of State of California for the County of Kern styled *Immigrant Legal Resources Center, et al.*, *v. City of McFarland et al.*, No. BCV-20-101507 (the "State Court Petition"). ILRC and FFA are the Petitioners, the City of McFarland and the City of McFarland Planning Commission are named as Respondents, and GEO Group, Inc. (GEO) is named as the Real party in interest. A copy of the State Court Petition is attached as Exhibit A hereto.

2. Copies of the State Court Petition and the Summons were served on GEO's Registered Agent for the Service of Process in California on July 6, 2020. GEO received a copy of the State Court Petition on July 7, 2020. A copy of the State Court Summons is attached as Exhibit B hereto.

3. On July 10, 2020, Petitioners filed an Ex Parte Application for a Temporary Restraining Order and Order to Show Cause with a return date of July 13, 2020 at 8:30 a.m. A copy of the TRO Application, Petitioners' Memorandum in support of the Application, Petitioner's Request for Judicial Notice in support of the Application, the seven Declarations Petitioners submitted in support of the Application, and Petitioners' proposed order granting the Application are attached as Exhibits C-M.

4. GEO has entered into contracts with the United States Immigration and Customs Enforcement (ICE) agency to convert the Golden State Modified Correctional Facility (Golden State) and the Central Valley Modified Community Correctional Facility into immigration detention facilities. GEO has previously

///

1  Correctional Facility into immigration detention facilities.  GEO has previously
2  operated Golden State and Central Valley as State correctional facilities under
3  contract with the California Department of Corrections and Rehabilitation (CDCR).

4      5. Golden State and Central Valley are both located in the City of
5  McFarland in Kern County, California.

6      6. Pursuant to the McFarland Municipal Code, the Central Valley and
7  Golden State facilities are located in the M-3 zone, which is designated for General
8  Manufacturing. *See* McFarland Municipal Code § 17.08.010. Detention facilities are
9  not identified as a permissible use. *See id.* § 17.92.020. Thus, to operate a detention
10 facility in M-3, McFarland's Municipal Code requires GEO to have a conditional use
11 permit (CUP). *See id.* § 17.152.020(D).

12     7. Central Valley and Golden State were first approved for CUPs in 1996.
13 The City of McFarland modified the Central Valley and Golden State CUPs in 2008
14 and in 2013 based on changes to the types of CDCR inmates that would be housed at
15 the facilities.

16     8. GEO's CUPs for the Central Valley and Golden State facilities do not
17 currently allow GEO to house federal male and female detainees. Thus, to ensure the
18 continuing validity of its CUPs under municipal law, GEO was required to apply for
19 modifications to its CUPs in order to house ICE detainees at its Central Valley,
20 Golden State, and Desert View facilities.

21     9. On December 30, 2019, having signed its new contract on December
22 19, 2019 with the Federal Government to convert the Central Valley and Golden
23 State facilities into dedicated ICE detention facilities, GEO applied to the McFarland
24 Planning Commission for modifications to its CUPs to allow the Federal Government
25 to house detainees at Central Valley and Golden State.

26     10. On January 10, 2020, the McFarland Planning Commission issued the
27 public notice of the first hearing on GEO's CUP-modification applications for
28 Central Valley and Golden State.

11. The first hearing on GEO's CUP-modification applications for Central Valley and Golden State was held on January 21, 2020.

12. On February 7, 2020, the McFarland Planning Commission issued the public notice of the second hearing on GEO's CUP-modification applications for Central Valley and Golden State.

13. The second hearing on GEO's CUP-modification applications for Central Valley and Golden State was held on February 18, 2020.

14. On February 18, 2020, the McFarland Planning Commission failed to approve GEO's CUP-modification applications for Central Valley and Golden State by a 2-2 vote.

15. GEO appealed the decision of the McFarland Planning Commission to the McFarland City Council.

16. On April 23, 2020, the McFarland City Council approved resolutions that approved GEO's CUP-modification applications for Central Valley and Golden State. Pursuant to CAL. CIV. CODE § 1670.9(d), the City Council deferred the issuance of the new permits until July 15, 2020, such that at least 180 days will have lapsed since the first public notices was given.

17. In the State Court Petition, Petitioners sought, *inter alia*, a peremptory writ of mandate ordering the revocation of the approval of GEO's CUP-modification applications on the ground that the approvals violated CAL. CIV. CODE § 1670.9(d). In the TRO Application, Petitioners sought an order prohibiting the City of McFarland from issuing the new permits and prohibiting GEO from transferring, accepting, or housing any Federal immigration detainees at Central Valley and Golden State.

18. This Court has jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).

19. GEO is corporation incorporated in the State of Florida with its principal place of business in the State of Florida. GEO a "person" as that term is used in 28 U.S.C. § 1442(a)(1).

20. Pursuant to its contracts with ICE, GEO acts under the direction of ICE officers in operating the Central Valley and Golden State facilities.

21. All of GEO's actions in operating the Central Valley and Golden State facilities and in receiving and housing Federal immigration detainees are done at the direction of ICE facilities.

22. All of GEO's actions in operating the Central Valley and Golden State facilities and in receiving and housing Federal immigration detainees are done under color of the supervising ICE officer's office.

23. There is a causal nexus between GEO's efforts to obtain the CUP-modifications for Central Valley and Golden State, its operation of Central Valley and Golden State, and its receiving and housing of Federal immigration detainees at the direction of ICE officers on the one hand, and Petitioners' claims on the other.

24. GEO has two colorable Federal defenses to Petitioners' claims.

25. First, CAL. CIV. CODE § 1670.9(d), as applied to GEO's CUP-modification applications, is unconstitutional under the intergovernmental immunity doctrine because it discriminates against the Federal Government and its contractors.

26. GEO, as a contractor for the United States, enjoys and is clothed in the Federal Government's intergovernmental immunity. *See Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 180–81 (1988); *Boeing Co. v. Movassaghi*, 768 F.3d 832, 839 (9th Cir. 2014).

27. A state law is invalid "if it operates so as to discriminate against the [Federal] Government or those with whom it deals." *United States v. City of Detroit*, 355 U.S. 466, 473 (1958).

28. Section 1670.9(d) *only* regulates land-conveyance documents and zoning permits for private entities carrying out federal operations. *See United States v. California*, 921 F.3d 865, 882, 883 (9th Cir. 2019).

/ / /

/ / /



29. By targeting *only* contractors carrying out federal operations, Section 1670.9(d) discriminates against the Federal Government. *See Dawson v. Steager*, 139 S. Ct. 698, 705–06 (2019); *Boeing*, 768 F.3d at 842–43.

30. Second, CAL. CIV. CODE § 1670.9(d), as applied to GEO's CUP-modification applications, is unconstitutional under the intergovernmental immunity doctrine because it directly regulates the activities of the Federal Government.

31. Under the Supremacy Clause of the United States Constitution, "the activities of the Federal Government are free from regulation by any state." *Mayo v. United States*, 319 U.S. 441, 445 (1943); *see also North Dakota v. United States*, 495 U.S. 423, 451–52 (1990) (Brennan, J., concurring in the judgment in part and dissenting in part) ("[T]hose dealing with the Federal Government enjoy immunity from state control . . . when a state law actually and substantially interferes with specific federal programs.").

32. To the extent that Section 1670.9(d) purports to prevent the operation of the Central Valley and Golden State facilities, it substantially interferes with Federal Government operations.

33. To the extent that Section 1670.9(d) purports to prevent issuance of, or nullify, GEO's CUP-modification applications, it substantially interferes with the ICE's ability to carry out its detention responsibilities for the Federal Government.

34. Congress has not authorized the State to regulate the Federal Government's activities with respect to federal detention facilities like GEO's.

35. Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" GEO in the State court action are attached as Exhibits.

36. This Notice of Removal has been filed within 30 days of the date on which GEO received, through service or otherwise, a copy of the State Court Petition and Summons. This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

/ / /

37. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred, or a substantial part of the property that is the subject of this action is situated, in this District. Central Valley and Golden State are located in this District, and the effects of Section 1670.9(d) are felt in this District.

38. By this Notice of Removal, GEO does not waive any objections it may have to service, personal jurisdiction or venue, or any other defenses or objections he may have to this action. GEO intends no admission of fact, law, or liability by this Notice, and reserves all defenses, motions, and/or pleas.

Dated:   July 10, 2020

By: /s/ Michael W. Shonafelt

Michael W. Shonafelt, CBN 186853
NEWMEYER & DILLION LLP
895 Dove Street, Fifth Floor
Newport Beach, CA 92660
Telephone: (949) 854-7000
Email: Michael.Shonafelt@ndlf.com

Charles J. Cooper,* DC Bar No. 248070
Michael W. Kirk,* DC Bar No. 424648
Steven J. Lindsay,* VA Bar No. 92363
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, NW
Washington, DC 20036
Telephone: (202) 220-9600
Email: mkirk@cooperkirk.com

*Pro Hac Vice Applications Forthcoming

*Attorneys for, The GEO Group, Inc.*