NOSSAMAN LLP
DAVID C. LEE (SBN 193743)
dlee@nossaman.com
ALEXANDER WESTERFIELD (SBN 295676)
awesterfield@nossaman.com
ELIZABETH KEY (SBN 323544)
ekey@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone:   415.398.3600
Facsimile:   415.398.2438

Attorneys for Petitioners IMMIGRANT LEGAL RESOURCE CENTER; FREEDOM FOR IMMIGRANTS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMIGRANT LEGAL RESOURCE CENTER; FREEDOM FOR IMMIGRANTS,<br><br>Petitioners,<br><br>vs.<br><br>CITY OF MCFARLAND; MCFARLAND PLANNING COMMISSION,<br><br>Respondents,<br><br>THE GEO GROUP, INC.,<br><br>Real Party in Interest. | Case No:  20-at-489<br><br>**NOTICE OF MOTION AND EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER & ORDER TO SHOW CAUSE** |

Petitioners Immigrant Legal Resource Center and Freedom for Immigrants ("Petitioners")[1] hereby move the Court under Federal Rule of Civil Procedure 65 and Eastern District Local Rule 231 for an *ex parte* Temporary Restraining Order (and a related Order to Show Cause Why a Preliminary Injunction Should Not Issue) restraining and enjoining Respondents City of McFarland and City of McFarland Planning Commission, and Real Party In Interest Geo Group, Inc. ("GEO"), from acting in reliance on, or otherwise taking any action to issue, execute, or make effective, modifications to Conditional Use Permits 01-96 and 02-96 approved by the McFarland City Council on April 23, 2020 (the "Proposed Modifications"). The Proposed Modifications, which would permit GEO to house federal immigration detainees at two detention facilities in McFarland, were approved in violation of California Civil Code section 1670.9(d) and are therefore ineffective.

**Petitioners request that the Court decide this Motion on or before Tuesday, July 14, 2020.** Petitioners seek this relief, which they could not have requested from this Court any earlier, in order to protect the public health from the threat of imminent transfers of federal immigration detainees made pursuant to the Proposed Modifications, which the City of McFarland has resolved to "make effective" on July 15, 2020. As explained more fully in the accompanying brief, detainee transfers create pose enormous risks of irreparable harms to the public's health in light of the ongoing COVID-19 pandemic. These harms cannot readily be confined to detention facilities and the risks posed by transfers can be avoided entirely simply by preserving the status quo as Petitioners request.

If the Court grants Petitioners' temporary restraining order, Petitioners further request that the Court schedule briefing for the related Order to Show

---

[1] This case originated in state court as a petition for a writ of mandate pursuant to California Civil Code section 1085, and this Motion accordingly uses the shorthand "Petitioners" and "Respondents" in lieu of "Plaintiffs" and "Defendants."

1                                                               Case No. 20-at-489
NOTICE OF MOTION AND EX PARTE MOTION FOR TRO & OSC
57537368.v1

Cause Why a Preliminary Injunction Should Not Issue for *after* its decision on the pending cross-motions in *The GEO Group, Inc. v. Gavin C. Newsom, et al.*, No. 2:20-cv-00533-TLN-AC (E.D. Cal.) (the "Related Case"). When removing this case to this Court, GEO also filed a Notice of Related Case relating this case to the Related Case. *See* ECF No. 1-15. Petitioners agree that the cases are related, and the pending cross-motions in the Related Case directly address the constitutionality of Section 1670.9(d), on which Petitioners' requested relief is based. The Court's decision as to those cross-motions—the first ever to address Section 1670.9(d)—will inevitably and significantly affect the parties' briefing and argument on the order to show cause in this case.

Petitioners have satisfied the notice requirements for seeking an ex parte order from the Court. Notice of this Motion was first provided to counsel to Respondents and GEO on the morning of Friday, July 10, 2020, when Petitioners requested substantially identical relief from the Kern County Superior Court before which this case was originally filed. In lieu of responding to that request, GEO removed this case to this Court while Petitioners' application for a temporary restraining order was pending. *See* ECF No. 1. GEO attached that application and all supporting documents to its Notice of Removal as Exhibits C through M, and served those documents on counsel to all parties in this action.

Petitioners provided further notice of this Motion to counsel for Respondents and Geo on Sunday, July 12 at 10:41 a.m. by Michael Shonafelt (michael.shonafelt@ndlf.com), Kendie Schlect (kendie.schlecht@ndlf.com), Charles Cooper (ccooper@cooperkirk.com) (all counsel for GEO), and Bob Joyce (bjoyce@lebeauthelen.com) (counsel for Respondents). Mr. Cooper acknowledged receipt of this message at 11:10 a.m.

As more fully explained in the accompanying brief, Petitioners are entitled to a Temporary Restraining Order given their likelihood of success on the merits

and the enormous risks to public health posed by the Proposed Modifications. To summarize:

      1.    Petitioners seek a writ of mandate against the City based on violations of Civil Code section 1670.9(d) when the City Council improperly approved proposed modifications to Conditional Use Permits 01-96 and 02-16 ("Proposed Modifications"). Civil Code section 1670.9(d) requires ample public notice and multiple hearings before any public entity may take any land-use action that would permit the operation of for-profit immigration detention facilities.

      2.    The City violated Civil Code section 1670.9(d) in at least three ways, each of which invalidate its approval of the Proposed Modifications. First, Section 1670.9(d) requires *each* permitting authority to hold at least two separate public meetings, but the City Council approved the Proposed Modifications after a single hearing. Second, the statute requires the public to have at least 180 days' notice of any permitting action that will create a privately-run immigration detention facility, but the City Council approved the Proposed Modifications less than 180 days after notifying the public. Third and finally, public hearings discussing immigration detention facilities require maximal public participation, but the City limited and/or barred public input on the Proposed Modifications during meetings discussing them. Petitioners, therefore, are likely to succeed on the merits.

      3.    As detailed in the accompanying Declarations of Grisel Ruiz and Dr. Eric Lofgren, the public interest will face immediate, irreparable, and *entirely avoidable* harms if Real Party in Interest Geo Group, Inc. ("GEO"), on July 15, 2020, is able to begin or approve transfers of detainees into and out of to the Central Valley and Golden State Modified Community Correctional Facilities in McFarland ("Central Valley" and "Golden State," respectively) pursuant to the modifications of Conditional Use Permits 01-96 and 02-96 improperly approved by the City Council on April 23, 2020. In light of COVID-19, such transfer would create undeniable and substantial public health risks to detainees, Central Valley and Golden State staff,

and the broader McFarland community. Furthermore, if GEO begins this process, it will be incredibly difficult to reverse without causing further harm to public health.

4. In contrast, Respondents will not be harmed by the issuance of the requested relief because neither Respondents nor GEO could suffer any harm from this Court's prohibition of Respondents' unlawful approval of the Proposed Modifications. And in any event, Respondents cannot offer any cognizable interest sufficient to outweigh the threats to public health posed by detainee transfers. The balance of harms thus tilts in favor of Petitioners.

5. The requested temporary restraining order would maintain the status quo and protect the public health by preventing Respondents from taking any action to issue, execute, or make effective the modifications of Conditional Use Permits 01-96 and 02-96 that would permit GEO to begin detainee transfers, and by preventing GEO from making or approving detainee transfers.

This Motion is based on the state court Writ Petition attached to GEO's Notice of Removal (ECF No. 1-2), the attached Declaration of Alexander Westerfield (and its attached Declarations of Jan Meslin, Jim Grant, Alex Gonzalez, Ivan Sandoval, Dr. Eric Lofgren (and exhibits thereto), and Christina Fialho (and exhibits thereto), all initially filed in state court), the attached memorandum of points and authorities, the attached proposed orders, the attached request for judicial notice (and exhibits thereto), and upon such oral arguments that may be presented at any hearing requested by this Court.

//
//
//
//
//
//
//

| | |
|---|---|
| Date:   July 12, 2020 | NOSSAMAN LLP |
| | By:  /s/ David C. Lee |
| |     David C. Lee |
| |     Alexander Westerfield |
| |     Elizabeth Key |
| | Attorneys for Petitioners |
| | IMMIGRANT LEGAL RESOURCE CENTER; FREEDOM FOR IMMIGRANTS |