1
2
3
4
5
6
7

NOSSAMAN LLP
DAVID C. LEE (SBN 193743)
dlee@nossaman.com
ALEXANDER WESTERFIELD (SBN 295676)
awesterfield@nossaman.com
ELIZABETH KEY (SBN 323544)
ekey@nossaman.com
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone:   415.398.3600
Facsimile:   415.398.2438

8
9

Attorneys for Petitioners IMMIGRANT LEGAL
RESOURCE CENTER; FREEDOM FOR
IMMIGRANTS

10
11
12
13

UNITED STATES DISTRICT COURT

14

EASTERN DISTRICT OF CALIFORNIA

15
16

IMMIGRANT LEGAL RESOURCE
CENTER FREEDOM FOR
IMMIGRANTS,

17

Petitioners,

18

vs.

19
20

CITY OF MCFARLAND;
MCFARLAND PLANNING
COMMISSION,

21

Respondents,

22

THE GEO GROUP, INC.,

23

Real Party in Interest.

24

Case No: 20-at-489

**REQUEST FOR JUDICIAL
NOTICE IN SUPPORT OF EX
PARTE MOTION FOR
TEMPORARY RESTRAINING
ORDER & ORDER TO SHOW
CAUSE**

25
26
27
28

Pursuant to Federal Rule of Evidence 201, in support of their Memorandum of Points and Authorities in Support of Petitioners' Ex parte Motion for Temporary Restraining Order and Order to Show Cause (the "Motion"), Petitioners Immigrant Legal Resource Center and Freedom for Immigrants (collectively, "Petitioners") respectfully request that the Court take judicial notice of Exhibit A attached hereto and Exhibits A-P attached to the Declaration of Christina Fialho ("Fialho Declaration").[1] Petitioners base this request on the following legal authorities:

A court may take judicial notice of a fact that is not "subject to reasonable dispute in that it is either (1) generally known within the jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). If a party requests a court to take judicial notice of such facts, and supplies the court with the necessary information, then judicial notice of those facts is mandatory. Fed. R. Evid. 201(c)(2).

Exhibit A to this RJN is the Complaint filed by Real Party in Interest Geo Group, Inc. ("GEO") in *The Geo Group, Inc. v. Newsom et al.*, Case No. 3:19-cv-02491-TLN. It is well established that a court can take judicial notice of its own files and records under Rule 201. *See United States v. Wilson,* 631 F.2d 118, 119 (9th Cir. 1980) ("a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases").

Exhibit A to this RJN and Exhibits B, C, D, E, F, K, L M, and P to the Fialho Declaration are public records pertinent to the actions that Petitioners challenge. Courts have held that the files and records of administrative bodies are proper subjects for judicial notice. *See, e.g.*, *United States v. 14.02 Acres*, 547 F.3d 943, 955 (9th Cir. 2008) (judicial notice is appropriate for records and reports of

---

[1] The Fialho Declaration and all exhibits thereto are attached to the Declaration of Alexander Westerfield in Support of the Motion as Exhibit 1.

RJN ISO EX PARTE MOT. FOR TRO & OSC

57537358.v1

administrative agencies); *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (court may take judicial notice of records and reports of state administrative bodies), overruled on other grounds *by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

Exhibits H, I, J and N are government-compiled statistics made publically available on the websites of federal or state agencies. Courts routinely take judicial notice of "[p]ublic records and government documents available from reliable sources on the Internet," such as websites run by governmental agencies. *See Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08–CV–1166–IEG, 2009 WL 6597891, *1 (S.D. Cal. Dec. 23, 2009) (*citing Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir.1999)). *See also Daniels–Hall v. National Education Association*, 629 F.3d 992, 999 (9th Cir. 2010) (taking judicial notice of information on the websites of two school districts because they were government entities); *Paralyzed Veterans of Am. v. McPherson*, No. C 06–4670, 2008 WL 4183981, *5 (N.D. Cal. Sept. 8, 2008) ("Information on government agency websites has often been treated as properly subject to judicial notice").

Finally, Exhibit O is a newspaper article. Judicial notice of newspaper articles may be proper under Rule 201 to "indicate what was in the public realm at the time." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

Petitioners request judicial notice of the following documents:

1.      Exhibit A to this RJN is an email thread between the City of McFarland and counsel for GEO dated January 14, 2020. This document is part of the record or file of the City of McFarland, is available to the public via the Public Records Act, and its accuracy cannot be reasonably disputed.

2.      Exhibit B to this RJN is a printout from the Zoom website as it appeared on July 12, 2020, available to the public at https://support.zoom.us/hc/en-

us/articles/201362823-What-is-a-Large-Meeting-/. This document is capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.

3.     Exhibit A to the Fialho Declaration is Real Party in Interest Geo Group, Inc.'s complaint in *Geo Group, Inc. v. Newsom*, No. 20-cv-533 (E.D. Cal.) (pending). This document is a court record of the United States District Court for the Eastern District of California, is available to the public, and its accuracy cannot be reasonably disputed.

4.     Exhibit B to the Fialho Declaration is the meeting minutes of the April 23, 2020 meeting of the City Council of the City of McFarland ("City Council"). This document is a City Council record, available to the public, and its accuracy cannot be reasonably disputed.

5.     Exhibit C to the Fialho Declaration is Resolution No. 2020-13, adopted by the City Council on April 23, 2020. This document is City Council record, available to the public, and its accuracy cannot be reasonably disputed.

6.     Exhibit D to the Fialho Declaration is Resolution No. 2020-14, adopted by the City Council on April 23, 2020. This document is a City Council record, available to the public, and its accuracy cannot be reasonably disputed.

7.     Exhibit E to the Fialho Declaration is Real Party in Interest Geo Group, Inc.'s appeals of the City of McFarland Planning Commission's ("Planning Commission") denial of Geo's requests to modify Conditional Use Permits Nos. 01-96 and 02-96. These documents are City Council and/or Planning Commission records, available to the public, and their accuracy cannot be reasonably disputed.

8.     Exhibit F to the Fialho Declaration is the legal notice of and agenda for the public meeting of the Planning Commission on January 21, 2020. This document is a Planning Commission record, available to the public, and their accuracy cannot be reasonably disputed.

9.      Exhibit G to the Fialho Declaration is the legal notice of and agenda for the public meeting of the Planning Commission on February 18, 2020 public meetings. These documents are Planning Commission records, available to the public, and their accuracy cannot be reasonably disputed.

10.      Exhibit H to the Fialho Declaration is a press release issued by the California Department of Public Health on July 8, 2020, available to the public at https://www.cdph.ca.gov/Programs/OPA/Pages/NR20-153.aspx. This document is a government-compiled statistic available to the public and its accuracy cannot be reasonably disputed.

11.      Exhibit I to the Fialho Declaration is a printout from the United States Center for Disease Control ("CDC") website as it appeared on July 8, 2020, available to the public at https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html. This document is a government-compiled statistic available to the public and its accuracy cannot be reasonably disputed.

12.      Exhibit J to the Fialho Declaration is a printout from the U.S. Immigration and Customs Enforcement ("ICE") website as it appeared on July 8, 2020, available to the public at https://www.ice.gov/coronavirus. This document is a government-compiled statistic available to the public and its accuracy cannot be reasonably disputed.

13.      Exhibit K to the Fialho Declaration is a printout from the Geo Group, Inc. website as it appeared on July 8, 2020, available to the public at https://www.geogroup.com/FacilityDetail/FacilityID/24. This document is available to the public and its accuracy cannot be reasonably disputed.

14.      Exhibit L to the Fialho Declaration is the CDC's *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*. This document is a federal agency record, available to the public, and its accuracy cannot be reasonably disputed.

15. Exhibit M to the Fialho Declaration is California Executive Order No. N-36-20, issued March 24, 2020. This document is a state record, available to the public, and its accuracy cannot be reasonably disputed.

16. Exhibit N to the Fialho Declaration is a printout from the California Department of Corrections and Rehabilitation website as it appeared on July 8, 2020, available to the public at https://www.cdcr.ca.gov/covid19/population-status-tracking/. This document is a government-compiled statistic available to the public and its accuracy cannot be reasonably disputed.

17. Exhibit O to the Fialho Declaration is a *New York Times* article, *San Quentin Prison Was Free of the Virus. One Decision Fueled an Outbreak*, dated June 30, 2020. This document is capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.

18. Exhibit P to the Fialho Declaration is a printout from the California Department of Public Health website as it appeared on July 8, 2020, available to the public at https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/COVID-19/CountyMonitoringDataStep2.aspx. This document is a government-compiled statistic available to the public and its accuracy cannot be reasonably disputed.

Date:   July 12, 2020

NOSSAMAN LLP
DAVID C. LEE
ALEXANDER WESTERFIELD
ELIZABETH KEY

By: /s/ David C. Lee
David C. Lee

Attorneys for Petitioners IMMIGRANT LEGAL RESOURCE CENTER; FREEDOM FOR IMMIGRANTS

# EXHIBIT A

| | |
|---|---|
| **From:** | Donovan Collier |
| **To:** | "tomschroeter@sbcglobal.net"; Maria Lara |
| **Cc:** | Larry Pennell |
| **Subject:** | RE: Geo Group CUP Modifications |
| **Date:** | Tuesday, January 14, 2020 12:06:36 PM |

Tom-

Thank you for your time earlier.  Section 17.160.030B of the City Code requires mailed notice of the hearing to surrounding property owners. Was notice provided in this manner as well as posting?  I meant to ask earlier.

Thank you
Donovan

**From:** tomschroeter@sbcglobal.net [mailto:tomschroeter@sbcglobal.net]
**Sent:** Tuesday, January 14, 2020 10:42 AM
**To:** Donovan Collier; 'Maria Lara'
**Cc:** 'Larry Pennell'
**Subject:** RE: Geo Group CUP Modifications

Donovan,

My concern with your suggestion is that the staff report and the public input in the first meeting would effectively constitute a hearing on the application because this would be evidence to the Planning Commission about the merits of the application even though they were not presented with the application.  They will certainly ask questions and staff and the public may respond.  Then the next question is whether or not they should have made a decision or should make one within 35 days after that.  Instead,  we hold a "second" hearing to present the application to them, after which they make their decision.

This would not be the City's usual policy and may be subject to attack that the second hearing would be a continuation of the first hearing and so only constitutes one hearing under Section 1670.9 or that the decision of the Planning Commission must be overturned for failure to render a decision after the first hearing or failure to continue the first hearing to the second. We also have the issue of waiting another 150 days after the second hearing for the 180 days to run and the fact that the planning commission would have already approved the CUPs and signed the resolutions.

We will proceed in the manner that you think best.  The conditions will include an indemnification of the City for any suit or proceeding filed against the City's action.  We will need to come to a conclusion on this shortly because the CUP

modification resolutions need to be drafted before the first hearing and sending out the commissioner packets if a decision will be made at that time.

Tom Schroeter
254 H Street
Bakersfield, CA 93304
T:  661.327.4189

**From:** Donovan Collier <Donovan.Collier@greshamsavage.com>
**Sent:** Tuesday, January 14, 2020 9:47 AM
**To:** 'tomschroeter@sbcglobal.net' <tomschroeter@sbcglobal.net>; 'Maria Lara' <mlara@mcfarlandcity.org>
**Cc:** 'Larry Pennell' <lpennell@mcfarlandcity.org>
**Subject:** RE: Geo Group CUP Modifications

Tom-

I believe that the hearing on the 21st would have to be a hearing to just take public testimony with no formal action on the application.  If not and it is approved with no appeal, we would not have our 2 mandatory hearings.

I would like to talk to you further about the 180 day issue and when the CUP modification would become "effective."

Please let me know when you have a moment to discuss.

Regards,
Donovan

**From:** tomschroeter@sbcglobal.net [mailto:tomschroeter@sbcglobal.net]
**Sent:** Friday, January 10, 2020 9:32 AM
**To:** Donovan Collier; 'Maria Lara'
**Cc:** 'Larry Pennell'
**Subject:** RE: Geo Group CUP Modifications

Donovan,

Maria will be posting the notices today for the January 21 Planning Commission meeting.  In my email below, I respond to your question about the PC referring the matter to the City Council with my opinion that it cannot be done the way the Municipal Code is written.  The Planning Commission has the right to continue the hearing (see Section 17.148.090) but once the hearing has ended, it has thirty-five (35) days to make its final decision or its decision will be deemed a denial.

Regarding the requirement in Civil Code Section 1670.9 for two public hearings, it would not appear that continuing the hearing to a further meeting would qualify for two hearings.  This would be the same hearing held over two days.  I am not sure that this would qualify as two hearings under the Code Section. Let me know what you think.  Maria will need your opinion before the meeting.

Once the Planning Commission meets on January 21 and renders its decision whether at that hearing or a continued hearing, we will end up with a final decision long before 180 days after the posting of the notices.  You will need to decide whether or not you are comfortable that this satisfies the requirements.  I have offered an alternative below but have not heard from you on it.  If you wish to adopt my alternative, we would need to modify the Planning Commission agenda accordingly before January 21.

I am assisting the Planning Director in drafting the Conditions of Approval.  As I mentioned earlier, this will include a requirement that GEO sign an indemnification agreement agreeing to indemnify the City against any actions or proceedings against its decision regarding this matter.

*Tom Schroeter*
254 H Street
Bakersfield, CA 93304
T:  661.327.4189

---

**From:** Donovan Collier <Donovan.Collier@greshamsavage.com>
**Sent:** Thursday, January 09, 2020 3:17 PM
**To:** 'Maria Lara' <mlara@mcfarlandcity.org>; tomschroeter@sbcglobal.net
**Cc:** Larry Pennell <lpennell@mcfarlandcity.org>
**Subject:** RE: Geo Group CUP Modifications

These look great!  Thank you.

Please let us know how they are posted.

Dr. Zoley would actually like a picture of the posting on your City Notice Board if that isn't too much to ask.

---

**From:** Maria Lara [mailto:mlara@mcfarlandcity.org]
**Sent:** Thursday, January 9, 2020 2:52 PM
**To:** tomschroeter@sbcglobal.net; Donovan Collier
**Cc:** Larry Pennell

**Subject:** RE: Geo Group CUP Modifications

Tom,
Attached find the revised draft Notice with the correct name for each facility.  Please let me know when these are good to be printed for mailing and posting.

---

**From:** tomschroeter@sbcglobal.net [mailto:tomschroeter@sbcglobal.net]
**Sent:** Thursday, January 09, 2020 2:08 PM
**To:** 'Donovan Collier'
**Cc:** Larry Pennell; Maria Lara
**Subject:** RE: Geo Group CUP Modifications

Donovan,

Regarding the question in your last paragraph below, I do not believe the Code section allows for the PC to refer the approval of the CUP modification to the City Council.  You can go to the City's website and open up the "City Code" reference and go to Section 17.148.100 to read the restrictions.   There are definite timelines for rendering decisions.   The Planning Commission must "render its decision" within 35 days after the conclusion of a public hearing.  If it fails to do so, it is deemed to have denied the application.

Within 5 days after its decision, notices must be sent out to the applicant, the City Councilmembers, and others.  This time period would follow the 35 day time period for rendering a decision.  The PC's granting of the application or its denial "shall be final" within 15 days after the decision or 10 days after the mailing of notices.  This would follow the 5 day timeline for sending out notices of the decision.

The 35 day timeline for rendering a decision would appear to eliminate the possibility of delaying the effectiveness of the decision for 180 days.  Even if it delayed the effectiveness to the 180th day, would that not give opponents of the application time to file suit to overturn the decision because it had not yet become effective?   I think another approach would be to hold an initial presentation to the Planning Commission this month with the posting of a notice of the presentation and calling for public oral and written comments and then bringing the matter back to the Planning Commission after the 180th day for action on the application.

We are proceeding to set the hearing on the application for action by the PC.  A condition of approval will be that the applicant will sign an agreement indemnifying and defending the city against any legal actions or proceedings

relating to the application or the PC's consideration of it. However, if you agree with the foregoing recommendation, we will modify the notice to be a public hearing for information only and for public comments and set consideration of your application for 180 days later.

Tom Schroeter
254 H Street
Bakersfield, CA 93304
T:  661.327.4189

---

**From:** Donovan Collier <Donovan.Collier@greshamsavage.com>
**Sent:** Wednesday, January 08, 2020 2:49 PM
**To:** 'tomschroeter@sbcglobal.net' <tomschroeter@sbcglobal.net>
**Cc:** 'Larry Pennell' <lpennell@mcfarlandcity.org>; Maria Lara <mlara@mcfarlandcity.org>
**Subject:** RE: Geo Group CUP Modifications

Thank you Tom for your feedback.

My initial thoughts are that the PC would hold a public hearing to take public testimony on the proposed CUP modification (1st hearing) with no action taken at that hearing. The initial public notice would be for that meeting. This hearing is akin to a workshop or other informational meeting. Thereafter, the PC would recommend action to the City Council on the modification (if permitted by code). The City Council would approve the modification but condition effectiveness of (and execution of) the resolution on expiration of the 180 days from posting of the original public notice.

I understand your thoughts on the date of "execution" of the permit as that was my original reading of 1670.9(d). However it is rather inartfully drafted and only provides that the City may not "issue a permit" for the reuse of an existing building prior to  having 2 public hearings and 180 days elapse from the issuance of the original notice.

Tom,

Do you think the City Code allows the PC to refer the approval of a CUP modification to the City Council as a matter of course or does the PC have to be the final decision-making body unless an appeal is filed?  Additionally, can the City delay the effectiveness of the approval until the expiration of 180 days or does the Code preclude that action?

---

**From:** tomschroeter@sbcglobal.net [mailto:tomschroeter@sbcglobal.net]
**Sent:** Wednesday, January 8, 2020 10:47 AM
**To:** Donovan Collier
**Cc:** 'Larry Pennell'; Maria Lara
**Subject:** FW: Geo Group CUP Modifications

Donovan,

Thank you for your draft notice. We will provide you a copy when the planning director has drafted the actual notice.  I have reviewed SB 29 and would like your response to the following:

The planning commission's decision on the modification is final and only goes to the city council if the decision is appealed. See Section 17.148.100 of the Municipal Code. The Code requires the Planning Commission to execute its resolution within 35 days following the public hearing and to thereafter notify the applicant, the City Clerk, Councilmembers, and others.  This starts the appeal process which gives any interested party 15 days from the date of the resolution or 10 days from when the notice is mailed, whichever is later, to appeal to the city council.  If there is no appeal, the matter does not go to the city council. We will have to consider whether or not to hold a second public meeting to comply with 1670.9(d)(2).  It might be best to hold a public meeting before the planning commission meeting for the general public.  This would probably mean a delay in the planning commission's consideration to its February meeting. Your thoughts?

A further issue is that Section 1670.9(d) states that the City must provide notice to the public of the "proposed" permitting action at least 180 days before "execution" of the permit.  Once action is taken by the planning commission, its action is no longer "proposed" and issuance of its resolution approving the modification would might constitute "execution" of the permit.  This arguably means that the Planning Commission cannot take action on approving the modification until 180 days after posting the notice nor can the planning commission execute its resolution approving the modification until after 180 days following the posting of the hearing notice. Could you please provide your opinion with regard to the foregoing.

I am recommending that the City Planning Director continue with drafting the notice of hearing in order to accommodate a January 21 Planning Commission meeting but this will need to be continued to a later date should you and I conclude that action cannot be taken for 180 days.

*Tom Schroeter*
*254 H Street*

Bakersfield, CA 93304
T: 661.327.4189

---

**From:** Donovan Collier <Donovan.Collier@greshamsavage.com>
**Sent:** Wednesday, January 08, 2020 9:16 AM
**To:** 'Tom Schroeter (tomschroeter@arrival.net)' <tomschroeter@arrival.net>; 'Thomas Schroeter'
<tomschroeter@sbcglobal.net>; 'mlara@mcfarlandcity.org' <mlara@mcfarlandcity.org>
**Subject:** Geo Group CUP Modifications


Good morning-

As we discussed yesterday, I have attached some draft language for the Planning Commission
hearing on the requested CUP modifications.  As I mentioned, this is the first time that I am aware of
that a notice was prepared pursuant to SB 29 so we are making this from whole cloth.  I look forward
to your thoughts and comments.

---

Donovan Collier
Principal Shareholder

Gresham Savage Nolan & Tilden, PC
550 East Hospitality Lane, Suite 300
San Bernardino, CA 92408-4205
Office:  (909) 723-1814 Ext. 1814
Fax:  (909) 890-9877
www.GreshamSavage.com
donovan.collier@greshamsavage.com

---

**1. Privileged and Confidential Communication.** The information contained in this email
and any attachments may be confidential or subject to the attorney client privilege or
attorney work product doctrine. If you are not the intended recipient of this communication,
you may not use, disclose, print, copy or disseminate the same. If you have received this in
error, please notify the sender and destroy all copies of this message.
**2. Notice re Tax Advice.** Any tax advice contained in this email, including any
attachments, is not intended or written to be used, and cannot be used, by you or any other
recipient for the purpose of (a) avoiding penalties that may otherwise be imposed by the
IRS, or (b) supporting, promoting, marketing, or recommending any transaction or matter
to any third party.
**3. Transmission of Viruses.** Although this communication, and any attached documents
or files, are believed to be free of any virus or other defect, it is the responsibility of the
recipient to ensure that it is virus free, and the sender does not accept any responsibility for
any loss or damage arising in any way from its use.
**4. Security of Email.** Electronic mail is sent over the public internet and may not be
secure. Thus, we cannot guarantee the privacy or confidentiality of such information.

---

Donovan Collier

Principal Shareholder

Gresham Savage Nolan & Tilden, PC
550 East Hospitality Lane, Suite 300
San Bernardino, CA 92408-4205
Office: (909) 723-1814 Ext. 1814
Fax: (909) 890-9877
www.GreshamSavage.com
donovan.collier@greshamsavage.com

---

**1. Privileged and Confidential Communication.** The information contained in this email and any attachments may be confidential or subject to the attorney client privilege or attorney work product doctrine. If you are not the intended recipient of this communication, you may not use, disclose, print, copy or disseminate the same. If you have received this in error, please notify the sender and destroy all copies of this message.
**2. Notice re Tax Advice.** Any tax advice contained in this email, including any attachments, is not intended or written to be used, and cannot be used, by you or any other recipient for the purpose of (a) avoiding penalties that may otherwise be imposed by the IRS, or (b) supporting, promoting, marketing, or recommending any transaction or matter to any third party.
**3. Transmission of Viruses.** Although this communication, and any attached documents or files, are believed to be free of any virus or other defect, it is the responsibility of the recipient to ensure that it is virus free, and the sender does not accept any responsibility for any loss or damage arising in any way from its use.
**4. Security of Email.** Electronic mail is sent over the public internet and may not be secure. Thus, we cannot guarantee the privacy or confidentiality of such information.

---

Donovan Collier
Principal Shareholder

Gresham Savage Nolan & Tilden, PC
550 East Hospitality Lane, Suite 300
San Bernardino, CA 92408-4205
Office: (909) 723-1814 Ext. 1814
Fax: (909) 890-9877
www.GreshamSavage.com
donovan.collier@greshamsavage.com

---

**1. Privileged and Confidential Communication.** The information contained in this email and any attachments may be confidential or subject to the attorney client privilege or attorney work product doctrine. If you are not the intended recipient of this communication, you may not use, disclose, print, copy or disseminate the same. If you have received this in error, please notify the sender and destroy all copies of this message.
**2. Notice re Tax Advice.** Any tax advice contained in this email, including any attachments, is not intended or written to be used, and cannot be used, by you or any other recipient for the purpose of (a) avoiding penalties that may otherwise be imposed by the IRS, or (b) supporting, promoting, marketing, or recommending any transaction or matter to any third party.
**3. Transmission of Viruses.** Although this communication, and any attached documents

or files, are believed to be free of any virus or other defect, it is the responsibility of the recipient to ensure that it is virus free, and the sender does not accept any responsibility for any loss or damage arising in any way from its use.

**4. Security of Email.** Electronic mail is sent over the public internet and may not be secure. Thus, we cannot guarantee the privacy or confidentiality of such information.

---

Donovan Collier
Principal Shareholder

Gresham Savage Nolan & Tilden, PC
550 East Hospitality Lane, Suite 300
San Bernardino, CA 92408-4205
Office: (909) 723-1814 Ext. 1814
Fax: (909) 890-9877
www.GreshamSavage.com
donovan.collier@greshamsavage.com

---

**1. Privileged and Confidential Communication.** The information contained in this email and any attachments may be confidential or subject to the attorney client privilege or attorney work product doctrine. If you are not the intended recipient of this communication, you may not use, disclose, print, copy or disseminate the same. If you have received this in error, please notify the sender and destroy all copies of this message.

**2. Notice re Tax Advice.** Any tax advice contained in this email, including any attachments, is not intended or written to be used, and cannot be used, by you or any other recipient for the purpose of (a) avoiding penalties that may otherwise be imposed by the IRS, or (b) supporting, promoting, marketing, or recommending any transaction or matter to any third party.

**3. Transmission of Viruses.** Although this communication, and any attached documents or files, are believed to be free of any virus or other defect, it is the responsibility of the recipient to ensure that it is virus free, and the sender does not accept any responsibility for any loss or damage arising in any way from its use.

**4. Security of Email.** Electronic mail is sent over the public internet and may not be secure. Thus, we cannot guarantee the privacy or confidentiality of such information.

---

Donovan Collier
Principal Shareholder

Gresham Savage Nolan & Tilden, PC
550 East Hospitality Lane, Suite 300
San Bernardino, CA 92408-4205
Office: (909) 723-1814 Ext. 1814
Fax: (909) 890-9877
www.GreshamSavage.com
donovan.collier@greshamsavage.com

---

**1. Privileged and Confidential Communication.** The information contained in this email and any attachments may be confidential or subject to the attorney client privilege or

attorney work product doctrine. If you are not the intended recipient of this communication, you may not use, disclose, print, copy or disseminate the same. If you have received this in error, please notify the sender and destroy all copies of this message.

**2. Notice re Tax Advice.** Any tax advice contained in this email, including any attachments, is not intended or written to be used, and cannot be used, by you or any other recipient for the purpose of (a) avoiding penalties that may otherwise be imposed by the IRS, or (b) supporting, promoting, marketing, or recommending any transaction or matter to any third party.

**3. Transmission of Viruses.** Although this communication, and any attached documents or files, are believed to be free of any virus or other defect, it is the responsibility of the recipient to ensure that it is virus free, and the sender does not accept any responsibility for any loss or damage arising in any way from its use.

**4. Security of Email.** Electronic mail is sent over the public internet and may not be secure. Thus, we cannot guarantee the privacy or confidentiality of such information.

# EXHIBIT B

Case 1:20-cv-00966-TLN-AC   Document 3-3   Filed 07/12/20   Page 19 of 21

**Note**: As our world comes together to slow the spread of COVID-19 pandemic, the Zoom Support Center has continued to operate 24x7 globally to support you. Please see the updated Support Guidelines (https://support.zoom.us/hc/articles/201362003) during these unprecedented times.

How can we help? 🔍

Zoom Help Center (/hc/en-us)  >  Account & Admin (/hc/en-us/categories/201137176-Account-Admin)
>  Subscriptions (/hc/en-us/sections/201728993-Subscriptions)

**Getting Started (https://support.zoom.us/hc/en-us/categories/200101697)**

**Audio, Video, Sharing (https://support.zoom.us/hc/en-us/categories/201137166)**

**Meetings & Webinars (https://support.zoom.us/hc/en-us/categories/201146643)**

**Zoom Phone (https://support.zoom.us/hc/en-us/categories/360001370051)**

**Account & Admin (https://support.zoom.us/hc/en-us/categories/201137176)**

**Zoom Rooms (https://support.zoom.us/hc/en-us/categories/200108436)**

**H.323/SIP (https://support.zoom.us/hc/en-us/categories/200110033)**

**Messaging (https://support.zoom.us/hc/en-us/categories/201137186)**

**Integration (https://support.zoom.us/hc/en-us/categories/200108426)**

**On-Premise (https://support.zoom.us/hc/en-us/categories/201146653)**

**Training (https://support.zoom.us/hc/en-us/sections/201740096)**

Related articles

Managing breakout rooms (/hc/en-us/related/click?
data=BAh7CjobZGVzdGluYXRpb25fYXJ0aV...
-
dfe0ba520a9ab29c233e6fd2ad6403a6a9

Displaying participants in Gallery View (/hc/en-us/related/click?
data=BAh7CjobZGVzdGluYXRpb25fYXJ0aV...
-
c9f7249854dae0551d4b8f24843e158135

Pre-assigning participants to breakout rooms (/hc/en-us/related/click?
data=BAh7CjobZGVzdGluYXRpb25fYXJ0aV...
-8d9dfb8862cfca3ae3ff765153547cc72bbd5438)

Registration for Meetings (/hc/en-us/related/click?
data=BAh7CjobZGVzdGluYXRpb25fYXJ0aV...
-
a65f23fa7fd13968efcf1cab15cf6ebd38685dd9)

# What is a Large Meeting?

## Overview

A large meeting license allows up to 500 or 1000 participants, depending on license, to attend a Zoom meeting. The owner or the admin of the account can add this feature for users with Pro licenses and it can be subscribed to on a monthly or annual basis.

This article covers:

- Purchasing Large Meeting Licenses
- Assigning Large Meeting Licenses to Users
- Using Large Meeting

## Prerequisites

- The user must be a Licensed user, to be assigned Large Meeting Add-on

## Purchasing Large Meeting Licenses

1. Sign in to the Zoom web portal.
2. Click **Account Management > Billing** (https://www.zoom.us/billing).
3. On the Current Plans tab, scroll to **Available Add-ons** and click **Add** next to **Large Meeting**.



4. Choose the capacity of Large Meeting add-on, monthly or annual payments, and the number of licenses you need for your account.

Cancelling you[r] subscription (/hc/en-us/related/click?data=BAh7CjobZGVzdGluYXRpb25fdHlwZQ== -fc5a3fdb2a01d3bb80333f7a13a95ee0a1...     MGOgZFVDoIdXJsSSI%2BL2hjL2VuLX



5. Click **Continue**.

6. Review the changes. If correct, click **Upgrade Now**.

7. Click **Confirm** to complete your purchase.

## Assigning Large Meeting Licenses to Users

1. Sign in to the Zoom web portal.

2. Click **User Management** > **Users** (https://zoom.us/account/user).

3. Locate or search for the user who you want to assign a license to.

4. Click **Edit** at the end of the user entry.

5. This will open a window where you can select the license you would like to assign. Choose the radio button for the size of the license, if it is not automatically selected.



6. Click **Save**.

7. The license is now applied to the user and they can use it immediately.

## Using Large Meeting



Case 1:20-cv-00066-T-N-A Code Document 8-3 Original Filed 07/12/20 Page 21 of 21

more about Active Speaker. (https://support.zoom.us/hc/en-

us/articles/201362403-Active-Speaker-Video-Layout-)

- In gallery view, you can see up to 49 video participants per page. Learn more about

  gallery view. (https://support.zoom.us/hc/en-us/articles/360000005883-

  Displaying-Participants-in-Gallery-View)



Was this article helpful?





**About** (https://zoom.us/about)

Zoom Blog
(http://blog.zoom.us/)
Customers
(https://zoom.us/customer/all)
Our Team
(https://zoom.us/team)
Why Zoom
(https://zoom.us/zoomisbetter)
Features
(https://zoom.us/feature)
Careers
(https://zoom.us/careers)
Integrations
(https://zoom.us/integrations)
Partners
(https://zoom.us/partners)
Resources
(https://zoom.us/resources)
Press (https://zoom.us/press)

**Download** (https://zoom.us/download)

Meetings Client
(https://zoom.us/download#client_4meeting)
Zoom Rooms Client
(https://zoom.us/download#room_client)
Zoom Rooms Controller
(https://zoom.us/download#room_controller)
Browser Extension
(https://zoom.us/download#chrome_ext)
Outlook Plug-in
(https://zoom.us/download#outlook_plugin)
iPhone/iPad App
(https://zoom.us/download#client_iphone)
Android App
(https://zoom.us/download#mobile_app)

**Sales** (https://zoom.us/contactsales)

1.888.799.9666
(tel:1.888.799.9666)
Contact Sales
(https://zoom.us/contactsales)
Plans & Pricing
(https://zoom.us/pricing)
Request a Demo
(https://zoom.us/livedemo)
Webinars and Events
(https://zoom.us/events)

**Support** (http://support.zoom.us)

Test Zoom
(https://zoom.us/test)
Account
(https://zoom.us/account)
Support Center
(http://support.zoom.us)
Live Training
(https://zoom.us/livetraining)
Feedback
(https://zoom.us/feed)
Contact Us
(https://zoom.us/contact)
Accessibility
(https://zoom.us/accessibility)
Privacy and Security
(https://zoom.us/docs/en-us/privacy-and-security.html)

**Language**

English

Copyright ©2020 Zoom Video Communications, Inc. All rights reserved. Privacy and Legal Policies (https://zoom.us/privacy-and-legal/terms)

