Bob H. Joyce, SBN 84607
Andrew K. Sheffield, SBN 220735
LEBEAU • THELEN, LLP
5001 East Commercenter Drive, Suite 300
Post Office Box 12092
Bakersfield, California 93389-2092
(661) 325-8962; Fax (661) 325-1127
bjoyce@lebeauthelen.com

Attorneys for Respondent City of McFarland

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IMMIGRANT LEGAL RESOURCES CENTER; and FREEDOM FOR IMMIGRANTS,

Petitioners,

v.

CITY OF MCFARLAND; and MCFARLAND PLANNING COMMISSION,

Respondents,

GEO GROUP, INC.,

Real Party in Interest.

Case No. 1:20-CV-00966-TLN-AC

**RESPONDENT'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ERIC LOFGREN**

**Judge: Hon. Troy L. Nunley**

Respondent City of McFarland ("Defendant") submits these evidentiary objections to the Declaration of Eric Lofgren ("Lofgren Decl.") submitted in support of Petitioners' Ex Parte Application for a Temporary Restraining Order. Respondent objects to these portions of Mr. Lofgren's declaration:

**(1) MATERIAL OBJECTED TO:** Lofgren Decl. ¶ 10 (p. 3:8-9): "In forming the opinions expressed in this declaration, I relied on a mathematical model that I designed to investigate the epidemiological and public-health consequences of jail operations during the ongoing COVID-10 pandemic."

**OBJECTION:** Mr. Lofgren's testimony pertaining to his model lacks foundation. While Mr. Lofgren's CV indicates that he has mathematical capabilities, there is no indication that he used reliable techniques and sufficient data in formulating this model. There is also no indication that other experts in his field would reasonably rely on these kinds of facts or data. For these reasons, the model and all opinions based on it lack adequate foundation. Fed. R. Evid. 702, 703.

**Ruling on Objection:** **Sustained:** ____________

**Overruled:** ____________

**(2) MATERIAL OBJECTED TO:** Lofgren Decl. ¶ 11 (p. 3:11-15): "A paper describing this model, and contrasting it with proposed interventions designed to reduce adverse health outcomes, is attached hereto as **Exhibit B**. I co-authored that paper, *The Epidemiological Implications of Incarceration Dynamics in Jails for Community, Corrections Officer, and Incarcerated Population Risks from COVID-19*, with statisticians, mathematicians, and biologists."

**OBJECTIONS:** Mr. Lofgren's testimony includes hearsay because the referenced paper is an out-of-court statement offered to prove its truth. Mr. Lofgren offers the paper for the purpose of asserting the truth of its contents, but the paper does not fall under any relevant hearsay exceptions. Fed. R. Evid. 801, 803.

Additionally, Mr. Lofgren's testimony regarding his paper lacks foundation because there is no indication that experts in Mr. Lofgren's field would reasonably rely on the information in the paper or the model discussed therein. Fed. R. Ediv. 702, 703.

**Ruling on Objection:** **Sustained:** ____________

**Overruled:** ____________

**(3) MATERIAL OBJECTED TO:** Lofgren Decl. ¶ 12 (p. 3:16-20): "This model uses data from Allegheny County, Pennsylvania, to simulate an urban area of 1.2 million people with a jail of 2500 people. While different cities will necessarily

have different raw numbers based on the size of the community, the size of their jail, city-specific arrest rates, etc., the results of this model in terms of trends and patterns are broadly generalizable to jails and other types of detention facilities in other communities."

**OBJECTION:** Mr. Lofgren's testimony lacks foundation because there is no indication that he used reliable techniques and sufficient data in formulating the model upon which he bases his opinion. Further, Mr. Lofgren's model encompasses data from a city and jail that are much larger than the city and jails in the present case, posing a possibility that his model is not representative of McFarland. There is no evidence that other experts in this field would rely on such facts and data in forming their opinions on this topic. Fed. R. Evid. 702, 703.

**Ruling on Objection:** **Sustained:** ______________

**Overruled:** ______________

**(4) MATERIAL OBJECTED TO:** Lofgren Decl. ¶ 13 (p. 3:21-24): "The paper provides estimates of the infection risks, and likely loss of life, that arise from current incarceration practices. It also provides estimates for in-custody deaths and shows how the dynamic within the jail create spill-over risks affecting not only incarcerated person but also corrections officers and the surrounding community."

**OBJECTIONS:** Mr. Lofgren's testimony includes hearsay because the referenced paper is an out-of-court statement offered to prove its truth. With this testimony, Mr. Lofgren attempts to prove that the paper's contents regarding in-custody deaths and risks are true. The referenced paper does not fall under any relevant hearsay exceptions. Fed. R. Evid. 801, 803.

Additionally, Mr. Lofgren's testimony regarding his paper lacks foundation. As previously mentioned, the model Mr. Lofgren references in forming his opinions is not representative of the situation in McFarland. *See* Objection 3. There is no indication that Mr. Lofgren used reliable techniques and sufficient data in

formulating the model upon which he bases his testimony, nor is there indication that experts in Mr. Lofgren's field would reasonably rely on Mr. Lofgren's model or paper in forming their opinions on this topic. Fed. R. Evid. 702, 703.

**Ruling on Objection:** **Sustained:** ____________

**Overruled:** ___________

**(5) MATERIAL OBJECTED TO:** Lofgren Decl. ¶ 14 (p. 3:25-28): "The model shows that, given a typical dynamic between a jail and a community, operating in a business-as-usual way will result in significant and rapid loss of life. Large scale reductions in incarcerations will likely save the lives of incarcerated persons, corrections staff, and the community at large."

**OBJECTION:** Mr. Lofgren's testimony lacks foundation because there is no indication that he used reliable techniques and sufficient data in formulating the model upon which he bases his testimony. Further, Mr. Lofgren's model encompasses data from a city and jail that are much larger than the city and jails in the present case, posing a possibility that his model is not representative of McFarland. *See* Objection 3. There is no evidence that other experts in this field would rely on such facts and data in forming their opinions on this topic. Mr. Lofgren uses his model to form his opinion that "operating in a business-as-usual way will result in a significant and rapid loss of life," and that reducing incarcerations will "likely save the lives" of inmates, correctional staff, and community members. Without indication that this opinion is based on permissible techniques and data, the opinion is lacks foundation. Fed. R. Evid. 702, 703.

Additionally. Mr. Lofgren's testimony is hearsay, because it relies on the out-of-court model that he created and attempts to assert the model's findings as truth. Mr. Lofgren uses the model to show that current jail operations "will result in significant and rapid loss of life." There is no relevant hearsay exception for the model. Fed. R. Evid. 801, 803.

**Ruling on Objection:** **Sustained:** ____________

**Overruled:** ____________

**(6) MATERIAL OBJECTED TO:** Lofgren Decl. ¶ 15 (p.4:1-5): "The model also shows that measures taken to reduce COVID-19 transmission outside of the detention facility do little to reduce its spread inside a detention facility. Even if the community surrounding a detention facility implements a shelter-in-place or other social distancing protocol, there is no discernable effect on the individuals incarcerated within or working at a detention facility."

**OBJECTIONS:** Mr. Lofgren's testimony lacks foundation. As previously mentioned, the model Mr. Lofgren references in forming his opinions is not representative of the situation in McFarland. *See* Objection 3. There is no indication that Mr. Lofgren used reliable techniques and sufficient data in formulating the model upon which he bases his testimony, nor is there indication that experts in Mr. Lofgren's field would reasonably rely on the model in forming their opinions on this topic. Mr. Lofgren uses his model to form his opinion that "measures taken to reduce COVID-19 transmission outside of the detention facility do little to reduce its spread inside a detention facility." Without indication that this opinion is based on permissible techniques and data, the opinion lacks foundation. Fed. R. Evid. 702, 703.

Additionally. Mr. Lofgren's testimony is hearsay, because it relies on the out-of-court model that he created and attempts to assert the model's findings as truth. Mr. Lofgren uses the model to prove that "measures taken to reduce COVID-19 transmission outside of the detention facility do little to reduce its spread inside a detention facility." There is no relevant hearsay exception for the model. Fed. R. Evid. 801, 803.

**Ruling on Objection:** **Sustained:** ____________

**Overruled:** ____________

**(7) MATERIAL OBJECTED TO:** Lofgren Decl. ¶ 16 (p. 4:6-8): "In general, interventions that do not reduce the population of incarcerated persons are ineffective to reduce the spread of COVID-19 among incarcerated persons, correctional staff, and surrounding communities."

**OBJECTION:** Mr. Lofgren's testimony lacks foundation because there is no indication that this opinion is based on sufficient facts or data, nor is there indication that it is based on reliable principles and methods. As previously mentioned, the model Mr. Lofgren references in forming his opinions is not representative of the situation in McFarland. *See* Objection 3. There is no indication that experts in Mr. Lofgren's field would reasonably rely on the model in forming their opinions on this topic. Fed. R. Evid. 702, 703.

**Ruling on Objection:** **Sustained:** ____________

**Overruled:** ____________

**(8) MATERIAL OBJECTED TO:** Lofgren Decl. ¶ 17 (p. 4:9-13): "Further, detention facilities can re-seed infection into communities working to mitigate or contain ongoing outbreaks, and may reintroduce diseases into otherwise disease-free populations. These adverse effects occur even if no detained persons are released into the community, as corrections staff and vendors move between detention facilities and the surrounding communities."

**OBJECTION:** Mr. Lofgren's testimony lacks foundation because there is no indication that this opinion is based on sufficient facts or data, nor is there indication that it is based on reliable principles and methods. As previously mentioned, the model Mr. Lofgren references in forming his opinions is not representative of the situation in McFarland. *See* Objection 3. There is no indication that experts in Mr. Lofgren's field would reasonably rely on the model in forming their opinions on this topic. Fed. R. Evid. 702, 703.

**Ruling on Objection:** **Sustained:** ____________

**Overruled:** ___________

**(9) MATERIAL OBJECTED TO:** Lofgren Decl. ¶ 18 (p. 4:14-20): "The conditions of detention facilities themselves foster the spread of diseases such as COVID-19. Incarcerated people are shuttled back and forth to court or, where court proceedings are halted due to this pandemic, forced to remain in their cells or dorm. Incarcerated people are also moved between facilities. Incarcerated people occupy shared spaces in which physical distancing is impossible either due to space, overcrowding, or the requirement of constant supervision. Incarcerated people are often not provided with the means to practice good personal hygiene or disinfect their surroundings."

**OBJECTION:** Mr. Lofgren's testimony lacks foundation because there is no indication that this opinion is based on sufficient facts or data, nor is there indication that it is based on reliable principles and methods. As previously mentioned, the model Mr. Lofgren references in forming his opinions is not representative of the situation in McFarland. *See* Objection 3. There is no indication that experts in Mr. Lofgren's field would reasonably rely on the model in forming their opinions on this topic. Fed. R. Evid. 702, 703.

**Ruling on Objection:** **Sustained:** ____________

**Overruled:** ___________

**(10) MATERIAL OBJECTED TO:** Lofgren Decl. ¶ 19 (p. 4:21-25): "Based on this model, the underlying research, and my experience as an epidemiologist, it is my professional judgment that the transfer of detainees into detention facilities within McFarland would increase the severity and duration of the COVID-19 pandemic among the population of detained persons, corrections officers employed at detention facilities, and the community of McFarland at large."

**OBJECTION:** Mr. Lofgren's testimony lacks foundation because there is no indication that this opinion is based on sufficient facts or data, nor is there indication that it is based on reliable principles and methods. As previously mentioned, the model Mr. Lofgren references in forming his opinions is not representative of the situation in McFarland. *See* Objection 3. There is no indication that experts in Mr. Lofgren's field would reasonably rely on the model in forming their opinions on this topic. Fed. R. Evid. 702, 703.

**Ruling on Objection:** **Sustained:** ____________

**Overruled:** ____________

**(11) MATERIAL OBJECTED TO:** Lofgren Decl. ¶ 20 (p. 4:26-28): "Given the contagiousness of COVID-19 and the aforementioned conditions of detention facilities, risks related to COVID-19 would increase immediately upon the transfer of detainees into detention facilities within McFarland."

**OBJECTION:** Mr. Lofgren's testimony lacks foundation because there is no indication that this opinion is based on sufficient facts or data, nor is there indication that it is based on reliable principles and methods. As previously mentioned, the model Mr. Lofgren references in forming his opinions is not representative of the situation in McFarland. *See* Objection 3. There is no indication that experts in Mr. Lofgren's field would reasonably rely on the model in forming their opinions on this topic. Fed. R. Evid. 702, 703.

**Ruling on Objection:** **Sustained:** ____________

**Overruled:** ____________

**(12) MATERIAL OBJECTED TO:** Lofgren Decl. ¶ 21 (p. 5:1-4): "Likewise, it is my professional judgment that the transfer of detainees out of detention facilities within McFarland would increase the severity and duration of the COVID-19 pandemic among the population of detained persons, corrections officers

employed at detention facilities, and the community surrounding the transferee facilities."

**OBJECTION:** Mr. Lofgren's testimony lacks foundation because there is no indication that this opinion is based on sufficient facts or data, nor is there indication that it is based on reliable principles and methods. As previously mentioned, the model Mr. Lofgren references in forming his opinions is not representative of the situation in McFarland. *See* Objection 3. There is no indication that experts in Mr. Lofgren's field would reasonably rely on the model in forming their opinions on this topic. Fed. R. Evid. 702, 703.

**Ruling on Objection:** **Sustained:** ____________

**Overruled:** ____________

**(13) MATERIAL OBJECTED TO:** Lofgren Decl. ¶ 22 (p. 5:5-6): "I again emphasize that the health of persons in detention facilities and the health of the surrounding community are inherently and inextricably linked."

**OBJECTION:** Mr. Lofgren's testimony lacks foundation because there is no indication that this opinion is based on sufficient facts or data, nor is there indication that it is based on reliable principles and methods. As previously mentioned, the model Mr. Lofgren references in forming his opinions is not representative of the situation in McFarland. *See* Objection 3. There is no indication that experts in Mr. Lofgren's field would reasonably rely on the model in forming their opinions on this topic. Fed. R. Evid. 702, 703.

**Ruling on Objection:** **Sustained:** ____________

**Overruled:** ____________

**(14) MATERIAL OBJECTED TO:** Lofgren Decl. ¶ 23 (p. 5:7-9): "Health in detention facilities is community health. Protecting the health of individuals who are detained in and work in these facilities is vital to protecting the health of the wider

community."

**OBJECTION:** Mr. Lofgren's testimony lacks foundation because there is no indication that this opinion is based on sufficient facts or data, nor is there indication that it is based on reliable principles and methods. Fed. R. Evid. 702, 703.

**Ruling on Objection:** **Sustained:** ____________

**Overruled:**____________

Dated: _______________

_______________________________
HON. TROY L. NUNLEY
JUDGE OF THE U.S. DISTRICT COURT, EASTERN DISTRICT

Immigrant Legal Resources Center
v. City of McFarland
USDC Case No.: 1:20-CV-00966-TLN-AC

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF KERN

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within action; my business address is: 5001 E. Commercenter Drive, Suite 300, Bakersfield, California 93309. On **July 21, 2020,** I served the within **DEFENDANT'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ERIC LOFGREN** on the interested parties in said action:

(X) by placing ( ) the original **(XX)** a true copy thereof enclosed in a sealed envelope(s) addressed as follows:

Alexander D. Westerfield, Esq.
David C. Lee, Esq.
Elizabeth Kimball Key, Esq.
Nossaman LLP
50 California Street, 34th Floor
San Francisco, CA 94111
Ph: 415-398-3600
awesterfield@nossaman.com
dlee@nossaman.com
ekey@nossaman.com
*Attorneys for Immigrant Legal Resources Center & Freedom for Immigrants*

Chanmaly Kendie Schlecht, Esq.
Michael William Shonafelt, Esq.
Michael Brandon McClellan, Esq.
Newmeyer and Dillion LLP
895 Dove Street, Fifth Floor
Newport Beach, CA 92660
Ph: 949-854-7000; Fax: 949-854-7099
kendie.schlecht@ndlf.com
michael.shonafelt@ndlf.com
michael.mcclellan@ndlf.com
*Attorneys for Geo Group, Inc.*

Michael W. Kirk, PHV
Charles J. Cooper, PHV
Steven J. Lindsay, PHV
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, NW
Washington, DC 20036
Ph: 202-220-9600; Fax: 202-220-9601
mkirk@cooperkirk.com
ccooper@cooperkirk.com
slindsay@cooperkirk.com

**(XX) BY COURT'S CM/ECF SYSTEM** - Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

*<u>/s/ Lequetta Hansen</u>*
LEQUETTA HANSEN