1   NOSSAMAN LLP
    DAVID C. LEE (SBN 193743)
2   dlee@nossaman.com
    ALEXANDER WESTERFIELD (SBN 295676)
3   awesterfield@nossaman.com
    ELIZABETH KEY (SBN 323544)
4   ekey@nossaman.com
5   50 California Street, 34th Floor
    San Francisco, CA 94111
6   Telephone:    415.398.3600
7   Facsimile:    415.398.2438

8   Attorneys for Petitioners IMMIGRANT LEGAL RESOURCE
    CENTER; FREEDOM FOR IMMIGRANTS
9

10

11

12                      UNITED STATES DISTRICT COURT

13                      EASTERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| IMMIGRANT LEGAL RESOURCE CENTER FREEDOM FOR IMMIGRANTS, | Case No: 1:20-cv-966-TLN-AC |
| Petitioners, | Assigned to: Hon. Troy L. Nunley |
| vs. | **PETITIONERS' RESPONSE TO RE-SPONDENT CITY OF MCFARLAND'S EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF DR. ERIC LOFGREN AND ALEX GONZALEZ** |
| CITY OF MCFARLAND; MCFARLAND PLANNING COMMISSION, | |
| Respondents, | Filed: June 30, 2020 |
| THE GEO GROUP, INC., | Trial: No date set |
| Real Party in Interest. | |

24

25

26

27

28

1    Petitioners Immigrant Legal Resource Center and Freedom for Immigrants ("Petitioners")

2  hereby respond to Respondent City of McFarland's (herein "Respondent") Evidentiary Objections

3  to the Declaration of Eric Lofgren (Dkt. 19-3) and Respondent's Evidentiary Objections to the

4  Declaration of Alex Gonzalez (Dkt. 19-5).

5    As a preliminary matter, Respondent should have raised its evidentiary objections in its

6  Memorandum of Points and Authorities, and its objections are thus well in excess of this Court's

7  page limit. To the extent the Court nonetheless wishes to consider them, Petitioners do not attempt

8  to respond in writing to all of these evidentiary objections, and instead respond to several objec-

9  tions which warrant a filed rebuttal below.

10  **I.    RESPONSE TO OBJECTIONS TO DECLARATION OF DR. ERIC LOFGREN**

11    **Objection No. 1, Material Objected To:** Lofgren Decl., ¶10 (p. 3:8-9): "In forming the

12  opinions expressed in this declaration, I relied on a mathematical model that I designed to investi-

13  gate the epidemiological and public-health consequences of jail operations during the ongoing

14  COVID-19 pandemic."

15    **Response to Objection No. 1:** Respondent's objections to Dr. Lofgren's expert testimony

16  under the Federal Rules of Evidence ("FRE") 702 and 703 should be overruled. "As a general rule,

17  questions relating to the bases and sources of an expert's opinion affect the weight to be assigned

18  that opinion rather than its admissibility." *Puga v. RCX Sols., Inc.*, 922 F.3d 285, 294 (5th Cir.

19  2019). Moreover, while the Court exercises a gatekeeper role to ascertain that expert testimony is

20  at least sufficiently reliable and relevant that it may be considered, "the rejection of expert testi-

21  mony is the exception rather than the rule." FRE 702 Advisory Committee Notes (2000).

22    The test for admissibility of expert testimony is a flexible one, and there are no exclusive

23  or dispositive factors. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999). Indeed, "experi-

24  ence alone—or experience in conjunction with other knowledge, skill, training or education—may

25  [] provide a sufficient foundation for expert testimony." FRE 702 Advisory Committee Notes

26  (2000); *Kumho Tire Co.*, 526 U.S. at 156 ("[N]o one denies that an expert might draw a conclusion

27  from a set of observations based on extensive and specialized experience.").

28

PETITIONERS' RESPONSE TO EVIDENTIARY OBJECTIONS
57588266.v2

1    Further, the underlying facts or data an expert relies upon need not itself be admissible in

2  evidence, so long as it is of a type reasonably relied on by experts in the particular field in forming

3  opinions or inferences on the subject. FRE 703; *Carson Harbor Vill., Ltd. v. Unocal Corp.*, 270

4  F.3d 863, 873 (9th Cir. 2001). While an expert opinion may not be based on mere speculation or

5  subjective belief, "mere weaknesses in the factual basis of an expert witness' opinion . . . bear on

6  the weight of the evidence rather than on its admissibility." *McLean v. 988011 Ontario, Ltd.*, 224

7  F.3d 797, 801 (6th Cir. 2000) (internal citations/quotations omitted).

8    Here, Dr. Lofgren's testimony establishes that his opinions are based upon his own spe-

9  cialized knowledge and expertise as an epidemiologist whose research focuses on the spread and

10  control of infectious diseases through mathematics and computer simulation. (Lofgren Decl., ¶¶1-

11  10.) Additionally, a scholarly article endorsing and detailing Dr. Lofgren's mathematical modeling

12  method has been published. (Lofgren Decl., ¶11 & Ex. B.) The fact that the article was co-authored

13  by multiple other experts in this field (statisticians, mathematicians, and biologists) adequately

14  establishes that the data upon which Dr. Lofgren based his opinions is a type of data that may be

15  reasonably relied upon in this field of expertise. Dr. Lofgren has also provided testimony explain-

16  ing why his data inputs and mathematical modeling is appropriate and reasonably reliable, in light

17  of his unchallenged professional qualifications, research, and experience. (Lofgren Decl., ¶¶12-

18  19.) Respondent's objections, at best, pertain only to the weight of Dr. Lofgren's expert testimony

19  and not to its admissibility.

20    **Objection No. 2, Material Objected To:** Lofgren Decl., ¶11 (p. 3:11-15): "A paper de-

21  scribing this model, and contrasting it with proposed interventions designed to reduce adverse

22  health outcomes, is attached hereto as Exhibit B. I co-authored that paper, *The Epidemiological*

23  *Implications of Incarceration Dynamics in Jails for Community, Corrections Officer, and Incar-*

24  *cerated Population Risks from COVID-19*, with statisticians, mathematicians, and biologists."

25    **Response to Objection No. 2:** Respondent's objections under FRE 801 and 803 are inap-

26  posite. Experts may "state an opinion based on otherwise inadmissible hearsay." *United States v.*

27  *McCollum*, 732 F.2d 1419, 1422 (9th Cir. 1984); *see also* FRE 703.

28

2                                   Case No. 1:20-cv-966-TLN-AC
PETITIONERS' RESPONSE TO EVIDENTIARY OBJECTIONS
57588266.v2

1    Additionally, the objections under FRE 702 and 703 should be overruled for the same rea-

2    sons set forth above with respect to Objection No. 1.

3    **Objection No. 3, Material Objected To:** Lofgren Decl., ¶12 (p. 3:16-20): "This model

4    uses data from Allegheny County, Pennsylvania, to simulate an urban area of 1.2 million people

5    with a jail of 2500 people. While different cities will necessarily have different raw numbers based

6    on the size of the community, the size of their jail, city-specific arrest rates, etc., the results of this

7    model in terms of trends and patterns are broadly generalizable to jails and other types of detention

8    facilities in other communities."

9    **Response to Objection No. 3:** The objections under FRE 702 and 703 should be overruled,

10   for the same reasons set forth in response to Objection No. 1. Respondent's arguments pertain only

11   to the weight of the expert testimony, not admissibility.

12   **Objection No. 4, Material Objected To:** Lofgren Decl., ¶13 (p. 3:21-24): "The paper

13   provides estimates of the infection risks, and likely loss of life, that arise from current incarceration

14   practices. It also provides estimates for in-custody deaths and shows how the dynamics within the

15   jail create spill-over risks affecting not only incarcerated persons but also corrections officers and

16   the surrounding community."

17   **Response to Objection No. 4:** Respondent's hearsay objections under FRE 801 and 803

18   are inapposite, as experts may "state an opinion based on otherwise inadmissible hearsay." *United*

19   *States v. McCollum*, 732 F.2d 1419, 1422 (9th Cir. 1984); *see also* FRE 703.

20   The objections under FRE 702 and 703 should be overruled, for the same reasons set forth

21   in response to Objection No. 1. Respondent's arguments pertain only to the weight of the expert

22   testimony, not admissibility.

23   **Objection No. 5, Material Objected To:** Lofgren Decl., ¶14 (p. 3:25-28): "The model

24   shows that, given a typical dynamic between a jail and a community, operating in a business-as-

25   usual way will result in significant and rapid loss of life. Large scale reductions in incarcerations

26   will likely save the lives of incarcerated persons, corrections staff, and the community at large."

27

28

PETITIONERS' RESPONSE TO EVIDENTIARY OBJECTIONS
57588266.v2

1    **Response to Objection No. 5:** Respondent's hearsay objections under FRE 801 and 803

2    are inapposite, as experts may "state an opinion based on otherwise inadmissible hearsay." *United*

3    *States v. McCollum*, 732 F.2d 1419, 1422 (9th Cir. 1984); *see also* FRE 703.

4    The objections under FRE 702 and 703 should be overruled, for the same reasons set forth

5    in response to Objection No. 1. Respondent's arguments pertain only to the weight of the expert

6    testimony, not admissibility.

7    **Objection No. 6, Material Objected To:** Lofgren Decl., ¶15 (p. 4:1-5): "The model also

8    shows that measures taken to reduce COVID-19 transmission outside of the detention facility do

9    little to reduce its spread inside a detention facility. Even if the community surrounding a detention

10   facility implements a shelter-in-place or other social distancing protocol, there is no discernable

11   effect on the individuals incarcerated within or working at a detention facility."

12   **Response to Objection No. 6:** Respondent's hearsay objections under FRE 801 and 803

13   are inapposite, as experts may "state an opinion based on otherwise inadmissible hearsay". *United*

14   *States v. McCollum*, 732 F.2d 1419, 1422 (9th Cir. 1984); *see also* FRE 703.

15   The objections under FRE 702 and 703 should be overruled, for the same reasons set forth

16   in response to Objection No. 1. Respondent's arguments pertain only to the weight of the expert

17   testimony, not admissibility.

18   **Objection No. 7, Material Objected To:** Lofgren Decl., ¶16 (p. 4:6-8): "In general, inter-

19   ventions that do not reduce the population of incarcerated persons are ineffective to reduce the

20   spread of COVID-19 among incarcerated persons, correctional staff, and surrounding communi-

21   ties."

22   **Response to Objection No. 7:** The objections under FRE 702 and 703 should be overruled,

23   for the same reasons set forth in response to Objection No. 1. Respondent's arguments pertain only

24   to the weight of the expert testimony, not admissibility.

25   **Objection No. 8, Material Objected To:** Lofgren Decl., ¶17 (p. 4:9-13): "Further, deten-

26   tion facilities can re-seed infection into communities working to mitigate or contain ongoing out-

27

28

PETITIONERS' RESPONSE TO EVIDENTIARY OBJECTIONS
57588266.v2

1    breaks, and may reintroduce diseases into otherwise disease-free populations. These adverse ef-

2    fects occur even if no detained persons are released into the community, as corrections staff and

3    vendors move between detention facilities and the surrounding communities."

4    **Response to Objection No. 8:** The objections under FRE 702 and 703 should be overruled,

5    for the same reasons set forth in response to Objection No. 1. Respondent's arguments pertain only

6    to the weight of the expert testimony, not admissibility.

7    **Objection No. 9, Material Objected To:** Lofgren Decl., ¶18 (p. 4:14-20): "The conditions

8    of detention facilities themselves foster the spread of diseases such as COVID-19. Incarcerated

9    people are shuttled back and forth to court or, where court proceedings are halted due to this pan-

10   demic, forced to remain in their cells or dorms. Incarcerated people are also moved between facil-

11   ities. Incarcerated people occupy shared spaces in which physical distancing is impossible either

12   due to space, overcrowding, or the requirement of constant supervision. Incarcerated people are

13   often not provided with the means to practice good personal hygiene or disinfect their surround-

14   ings."

15   **Response to Objection No. 9:** The objections under FRE 702 and 703 should be overruled,

16   for the same reasons set forth in response to Objection No. 1. Respondent's arguments pertain only

17   to the weight of the expert testimony, not admissibility.

18   **Objection No. 10, Material Objected To:** Lofgren Decl., ¶19 (p. 4:21-25): "Based on this

19   model, the underlying research, and my experience as an epidemiologist, it is my professional

20   judgment that the transfer of detainees into detention facilities within McFarland would increase

21   the severity and duration of the COVID-19 pandemic among the population of detained persons,

22   corrections officers employed at detention facilities, and the community of McFarland at large."

23   **Response to Objection No. 10:** The objections under FRE 702 and 703 should be over-

24   ruled, for the same reasons set forth in response to Objection No. 1. Respondent's arguments per-

25   tain only to the weight of the expert testimony, not admissibility.

26

27

28

PETITIONERS' RESPONSE TO EVIDENTIARY OBJECTIONS
57588266.v2

1   **Objection No. 11, Material Objected To:** Lofgren Decl., ¶20 (p. 4:26-28): "Given the

2   contagiousness of COVID-19 and the aforementioned conditions of detention facilities, risks re-

3   lated to COVID-19 would increase immediately upon the transfer of detainees into detention fa-

4   cilities within McFarland."

5   **Response to Objection No. 11:** The objections under FRE 702 and 703 should be over-

6   ruled, for the same reasons set forth in response to Objection No. 1. Respondent's arguments per-

7   tain only to the weight of the expert testimony, not admissibility.

8   **Objection No. 12, Material Objected To:** Lofgren Decl., ¶21 (p. 5:1-4): "Likewise, it is

9   my professional judgment that the transfer of detainees out of detention facilities within McFarland

10  would increase the increase the severity and duration of the COVID-19 pandemic among the pop-

11  ulation of detained persons, corrections officers employed at detention facilities, and the commu-

12  nity surrounding the transferee facilities."

13  **Response to Objection No. 12:** The objections under FRE 702 and 703 should be over-

14  ruled, for the same reasons set forth in response to Objection No. 1. Respondent's arguments per-

15  tain only to the weight of the expert testimony, not admissibility.

16  **Objection No. 13, Material Objected To:** Lofgren Decl., ¶22 (p. 5:5-6): "I again empha-

17  size that the health of persons in detention facilities and the health of the surrounding community

18  are inherently and inextricably linked."

19  **Response to Objection No. 13:** The objections under FRE 702 and 703 should be over-

20  ruled, for the same reasons set forth in response to Objection No. 1. Respondent's arguments per-

21  tain only to the weight of the expert testimony, not admissibility.

22  **Objection No. 14, Material Objected To:** Lofgren Decl., ¶23 (p. 5:7-9): "Health in de-

23  tention facilities is community health. Protecting the health of individuals who are detained in and

24  work in these facilities is vital to protecting the health of the wider community."

25  **Response to Objection No. 14:** The objections under FRE 702 and 703 should be over-

26  ruled, for the same reasons set forth in response to Objection No. 1. Respondent's arguments per-

27  tain only to the weight of the expert testimony, not admissibility.

28

PETITIONERS' RESPONSE TO EVIDENTIARY OBJECTIONS
57588266.v2

1    **II.      RESPONSE TO OBJECTIONS TO DECLARATION OF ALEX GONZALEZ**

2            **Objection No. 3, Material Objected To:** Gonzalez Decl., ¶11 (p. 3:9-13): "At the April

3    23, 2020 City Council meeting, I addressed the City Council during its open public comment ses-

4    sion. I requested that the meeting be postponed given the difficulties that many members of the

5    public were experiencing connecting to the meeting. McFarland Mayor Sally Gonzalez responded

6    that the Zoom platform enabled one hundred members of the public to attend, more than the max-

7    imum capacity of the City Council chambers."

8            **Response to Objection No. 3:** Respondent's hearsay objections under FRE 801 and 803

9    should be overruled. Initially, the first two sentences of Paragraph 11 of Mr. Gonzalez's declara-

10   tion clearly contain no hearsay, as he is simply testifying about his own actions and statements.

11           The final sentence concerning the statement McFarland Mayor Sally Gonzalez is not hear-

12   say either, because it is an opposing party's statement admissible pursuant to FRE 801(d)(2). That

13   Rule provides, in pertinent part, that a statement is "not hearsay" where it "is offered against an

14   opposing party and: (A) was made by the party in an individual or representative capacity; (B) is

15   one the party manifested that it adopted or believed to be true; (C) was made by a person whom

16   the party authorized to make a statement on the subject; [and] (D) was made by the party's agent

17   or employee on a matter within the scope of that relationship and while it existed." FRE 801(d)(2).

18   All of the elements are satisfied here.

19           Initially, the statement is clearly being offered against the opposing party. Moreover, the

20   statement was made by Mayor Gonzalez on the City's behalf, at the City Council meeting. Re-

21   spondent manifested that it adopted Mayor Gonzalez's statement by its conduct, because it moved

22   forward with its approval process as if the measures the City took to provide for public participa-

23   tion at the City Council meeting were adequate. Mayor Gonzalez was a person authorized to make

24   such statements on the City's behalf, and finally Mayor Gonzalez was the City's agent and was

25   clearly acting within the scope of her existing relationship with the City while she was speaking

26   in her official capacity at a City Council meeting. Accordingly, the statement is not hearsay, and

27   the objections must be overruled. FRE 802(d)(2); *see also Wright-Simmons v. City of Oklahoma*

28   *City*, 155 F.3d 1264, 1268–69 (10th Cir. 1998) (City manifested its adoption or belief in the truth

PETITIONERS' RESPONSE TO EVIDENTIARY OBJECTIONS
57588266.v2

1  of a city employee's written report on her investigation of plaintiff's harassment complaints by

2  seeking the resignation of the alleged harasser—accordingly, the report was not hearsay).

3     **Objection No. 4, Material Objected To:** Gonzalez Decl., ¶13 (p. 3:20-21): "I was told by

4  City staff that I had exhausted my time with my earlier comment, which addressed an entirely

5  separate issue."

6     **Response to Objection No. 4:** Notably, Respondent objected only to the sentence quoted

7  above, and did not object to the remainder of Paragraph 13 in Mr. Gonzalez's declaration.

8     Respondent's hearsay objections under FRE 801 and 803 should be overruled, as the testi-

9  mony is not hearsay. The statement is not offered being offered to prove the truth of the matter

10  asserted (i.e., that Mr. Gonzalez had "exhausted [his] time with my earlier comment, which ad-

11  dressed an entirely separate issue"). Instead, it is being offered solely to establish the effect on Mr.

12  Gonzalez—i.e., that Mr. Gonzalez was not permitted to offer public comment regarding the mod-

13  ifications of Conditional Use Permits 01-96 and 02-96, which would allow the Geo Group, Inc. to

14  house federal immigration detainees in McFarland-based facilities. As such, the testimony is not

15  barred by the hearsay rule.

16

17  Date:    July 24, 2020                    NOSSAMAN LLP
                                             DAVID C. LEE
18                                           ALEXANDER WESTERFIELD
                                             ELIZABETH KEY
19
                                             By: /s/ Alexander Westerfield
20                                               Alexander Westerfield

21                                           Attorneys for Petitioners IMMIGRANT LE-
22                                           GAL RESOURCE CENTER; FREEDOM
                                             FOR IMMIGRANTS
23

24

25

26

27

28

PETITIONERS' RESPONSE TO EVIDENTIARY OBJECTIONS
57588266.v2